United States Court of Appeals,

Eleventh Circuit.

No. 94-6854.

NIEMAND INDUSTRIES, INC., Petitioner,

v.

Robert B. REICH, Secretary of Labor, United States Department of Labor, and Occupational Safety and Health Review Commission, Respondents.

Jan. 29, 1996.

Petition for Review of an Order of the Occupational Safety and Health Review Commission (Alabama Case)

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Niemand Industries, Inc., ("Niemand") seeks review of a final decision of the Occupational Safety and Health Review Commission affirming an administrative ruling finding Niemand in violation of 29 C.F.R. § 1910.1000(c) for exposing its employees to excessive levels of talc. Because there is no substantial record evidence to support the finding of a violation, we reverse the Commission's decision.

Niemand operates a manufacturing plant in Marion, Alabama where it produces containers and other products for shipment in interstate commerce. Following a complaint that Niemand's employees were being exposed to excessive levels of talc,[1] the Occupational Safety and Health Administration ("OSHA")[2] sent an

_____

[1]Exposure to talc can lead *inter alia* to pneumoconiosis, a disabling and potentially fatal occupational lung disease.

[2]In this opinion, the terms "OSHA," and "the Secretary" (referring to the Secretary of Labor who overseas OSHA) are used interchangeably.

industrial hygienist to inspect Niemand's facility.  As a result of the inspection, Niemand was charged with violating 29 C.F.R. § 1910.1000.

29 C.F.R. § 1910.1000 provides, in part:

C.F.R. § 1910.1000 Air Contaminants

An employee's exposure to any substance listed in Tables Z-1, Z-2 or Z-3 of this section shall be limited in accordance with the requirements of the following paragraphs of this section.

....

(c) *Table Z-3.*  An employee's exposure to any substance listed in Table Z-3, in any 8-hour work shift of a 40-hour work week, shall not exceed the 8-hour time weighted average limit given for that substance in the table.

Table Z-3 limits permissible exposure to respiratory talc dust to 20 million particles per cubic foot of air ("mppcf") based on an eight-hour time weighted average.

The threshold question in this case is whether the Secretary's evidence supports a conclusion that an employee engaged in Niemand's talc operation was exposed to talc in excess of the permissible exposure limit ("PEL"), the maximum amount of an air contaminant to which an employee may be exposed over a specified period of time.  Table Z-3 expresses the permissible exposure level to talc in terms of "millions of particles per cubic foot of air" to be measured "based on impinger samples counted by light-field techniques," and sets the limit at 20 mppcf.  Instead of using this method of analysis, Valentin Ille, Jr., the OSHA industrial hygienist who analyzed the levels of talc at Niemand's facility, used a gravimetric air sampling test in which the sample collected is weighed and the exposure level calculated by weight in units of "milligrams of substance per cubic meters of air" ($mg/m^3$).  Niemand

contends that because measuring talc in mg/m$^3$ does not comport with the method prescribed in Table Z-3 for determining an overexposure to talc, such measurements may not form the basis of the alleged violation.

In his testimony, Ille explained that the light-field technique was growing obsolete and that the OSHA manuals in his office recommended the gravimetric method. Because use of the gravimetric method would render a result in units different from those provided in Table Z-3, Ille telephoned OSHA's Utah laboratory to confirm the maximum PEL. An unidentified chemist instructed Ille to use a maximum PEL of 3mg/m$^3$. Ille's measurements, which form the basis of the OSHA charges against Niemand, were that one employee was exposed to 7.05 mg/m$^3$ and that another was exposed to 4.89 mg/m$^3$.

Niemand argues that Table Z-3 expressly requires the Secretary to apply a particle count method in its assessment of talc exposure as this is the only method reflected in the table for talc. Niemand contends that because the table reflects no conversion between the two methods for talc, and as Ille testified, no such conversion exists, the Secretary used the wrong method for testing talc at its facility and has failed to adequately establish an overexposure to talc. OSHA responds that 20 mppcf and 3mg/m$^3$ are comparable expressions of the same amount and that notwithstanding the absence of an acceptable conversion to gravimetric units in the regulations, its reliance on measurements obtained via gravimetric testing should be deemed acceptable. We disagree.

The Commission's factual findings are conclusive if supported

by substantial record evidence.  29 U.S.C. § 660(a); *D & S Grading Co. v. Secretary of Labor,* 899 F.2d 1145, 1147 (11th Cir.1990). The record before us contains no evidence sufficient to support OSHA's assertion that 20 mppcf and 3mg/m$^3$ are equivalent.  The Commission accepted for purposes of its decision the Secretary's statement in a notice of proposed rulemaking, *see* 53 Fed.Reg. 20960 (1988), that 3 mg/m$^3$ is "roughly equivalent" to 20 mppcf, despite the fact that the final rule had been vacated.  *See AFL-CIO v. OSHA,* 965 F.2d 962 (11th Cir.1992).  Finding the 4.89 mg/m$^3$ measurement to be sufficiently above 3 mg/m$^3$, the Commission asserted that it could "comfortably conclude that there was overexposure."  We do not find the vacated rules to sufficiently establish the necessary equivalence and, apart from Ille's testimony, OSHA has proffered no corroborating evidence.  Nor do we find Ille's telephone conversation to an anonymous chemist at OSHA's Utah laboratory sufficient to establish a reliable mg/m$^3$ standard.

If, as OSHA contends, the light-field technique is no longer viable, OSHA can, pursuant to its rulemaking authority, modify the regulations.  If a measurement may be equivalently expressed in other terms, then OSHA has the obligation to present evidence to that effect.  Absent substantial evidence that the results obtained exceed the OSHA standard of 20 mppcf, OSHA may not prosecute a violation on the basis of a measurement technique not provided for in Table Z-3.  For these reasons, we REVERSE the final decision of the Commission.

REVERSED and REMANDED.