[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15720

_____

Agency No. 14-1385


FILM ALLMAN, LLC,

                                              Petitioner,

versus

SECRETARY OF LABOR,

                                              Respondent.

_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission

_____

(March 20, 2017)

Before ROSENBAUM and JULIE CARNES, Circuit Judges, and
SCHLESINGER,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

This case comes before the Court on appeal from the Occupational Safety and Health Review Commission's ("Commission") final decision finding that Appellant Film Allman LLC ("Film Allman") willfully violated § 5(a)(1) of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651-678, which is often referred to as the "general duty clause."  We find that the Commission did not err.

This case involves a tragic train accident that occurred on February 20, 2014, during the first day of shooting for the film "Midnight Rider," a biopic about the Allman brothers.[1]  As the Film Allman crew set up to shoot a scene that afternoon on the Doctortown train trestle—an active trestle owned by CSX Transportation ("CSX") that spans the Altamaha river in Jesup, Georgia—a freight train barreled through, killing 27-year-old camera assistant Sarah Jones and seriously injuring several other Film Allman crew members.

As the Commission explained in its written order, Film Allman and its supervisors on the set that day failed at every opportunity to ensure the safety of its employees:  Film Allman "knew the railroad tracks were live tracks, in active use by CSX, and that CSX had refused permission to film on the tracks. . . . Supervisors Miller, Savin, Sedrish, Schwartz, and Ozier were aware no CSX

---

[1] Because the Administrative Law Judge ("ALJ") in this case completed an extensive and accurate account of the relevant facts in this case as part of her September 15, 2015, order, and further, because we write for the parties, we provide only a brief summary here.

2

representatives were present at the site to control train traffic while the employees were on the trestle.  None of Film Allman's supervisors informed the crew and cast members that CSX would not be on site and would not be controlling train traffic while they were filming on the tracks."  In short, Film Allman put its employees in harm's way, and the results were catastrophic.

The Secretary of Labor ("Secretary") conducted a fatality investigation of the accident at the Doctortown trestle and, based on the findings, issued a Citation and Notification of Penalty to Film Allman on August 14, 2014.  While the Secretary cited Film Allman for multiple violations of OSHA, the only citation on appeal to this Court is Item 1 of Citation No. 2, asserting that Film Allman committed a willful violation of § 5(a)(1) of OSHA (the general duty clause) by failing to implement safety procedures for filming on the trestle and thereby exposing its employees to the hazard of being struck by a train.

The ALJ affirmed this willful violation and imposed the statutory maximum penalty of $70,000.00 against Film Allman.  Because the Commission declined Film Allman's request to review the ALJ's decision under its discretionary review power, the ALJ's decision became a final order of the Commission on October 30, 2015.  *See* 29 U.S.C. § 661(j).

On appeal to this Court, Film Allman raises three issues.  First, Film Allman challenges the Commission's decision to uphold the Secretary's invocation of the

3

informer's privilege to withhold certain portions of witness statements that OSHA obtained during its investigation.  Second, Film Allman challenges the sufficiency of the evidence underlying the Secretary's classification of Film Allman's violation as willful.  And third, Film Allman contests the ALJ's imposition of the statutory maximum $70,000.00 penalty against it.  We find no error.

Commission decisions "are entitled to considerable deference on appellate review."  *Fluor Daniel v. Occupational Safety & Health Review Comm'n*, 295 F.3d 1232, 1236 (11th Cir. 2002).  This Court reviews the Commission's findings of fact to determine "whether they are supported by substantial evidence on the record as a whole; if so, they are deemed conclusive."  *J.A.M. Builders, Inc. v. Herman*, 233 F.3d 1350, 1352 (11th Cir. 2000) (reviewing the Commission's finding that a violation was "willful"); *see* 29 U.S.C. § 660(a); *see also Niemand Indus., Inc. v. Reich,* 73 F.3d 1083, 1084 (11th Cir. 1996).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir.1997).  The Commission's "finding of willfulness is a finding of fact."  *Fluor Daniel*, 295 F.3d at 1236.

This Court will overturn the legal determinations of the Commission only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A); *see Fluor Daniel*, 295 F.3d at

1236; *Reich v. Trinity Indus.,* 16 F.3d 1149, 1152 (11th Cir. 1994) ("This court reviews the Commission's order to determine whether it is in accordance with the law."). The Commission's imposition of a particular penalty is reviewed under this standard for an abuse of discretion. *D & S Grading Co. v. Sec'y of Labor*, 899 F.2d 1145, 1148 (11th Cir. 1990).

We have carefully reviewed the entirety of the administrative record in this case, considered the parties' arguments, and heard oral argument. For all of the reasons expressed in the Commission's well-reasoned and thorough decision, we conclude that the Commission correctly upheld the Secretary's invocation of the informer's privilege, substantial evidence underlies the Commission's classification of Film Allman's violation of § 5(a)(1) as willful, and the Commission did not abuse its discretion in imposing the statutory maximum penalty against Film Allman. We therefore affirm the Commission's determination that Film Allman willfully violated § 5(a)(1) of the OSHA, 29 U.S.C. §§ 651-678, and find that the $70,000 statutory maximum penalty is appropriate.

**AFFIRMED.**